# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

Da'Vhon Young,

     Plaintiff,

v.                                              Case No.: 4:24-cv-161-MW-MAF

WCTV News Channel,

     Defendants.

_____

## DEFENDANT'S MOTION TO DISMISS AND
## <u>INCORPORATED MEMORANDUM OF LAW</u>

BALLARD SPAHR LLP

Charles D. Tobin (Fla. Bar No. 816345)
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com

Kaitlin M. Gurney (*pro hac vice* forthcoming)
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone: (215) 864-8585
Fax: (215) 864-8999
gurneyk@ballardspahr.com

*Counsel for Defendant Gray Local Media, Inc.,*
*d/b/a WCTV*

1

Defendant Gray Local Media, Inc., d/b/a WCTV ("WCTV"), incorrectly named as WCTV News Channel, hereby moves to dismiss Plaintiff Da'Vhon Young's Complaint with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), and in support of this Motion states as follows:

## PRELIMINARY STATEMENT

This case turns on the nature of plaintiff Da'Vhon Young's ("Young Sr.") reputation on December 7, 2022. On that day, Young Sr. was already a convicted felon with a criminal history stretching back more than 20 years. He had already been indicted and arrested for the premeditated murder of a 37-year old sex worker, whose body was placed in a plastic container found on the side of a rural county road (the "Murder"). The Tallahassee local media, including WCTV, had already reported about Young Sr.'s arrest, indictment, and admission that he strangled his victim, for which he was convicted earlier this year and sentenced to life in prison.

In his Complaint, Young Sr. alleges a defamation claim arising from a news report on December 7, 2022 (the "News Report"), when WCTV erroneously published his mugshot instead of his son's, the individual arrested and charged in connection with a November 27, 2022 shooting at Florida A&M University. The WCTV News Report accurately reported that a person named "Da'Vhon Young" had been arrested in connection with the shooting, but published Young Sr.'s

mugshot instead of Da'Vhon Young Jr.'s ("Young Jr."), who shares the same first, middle, and last name with his father.

WCTV published a correction on December 20 and 21, 2022 in each News Report where the mugshot aired, and a correction was appended to the online version of the News Report, which reads as follows:

> Editor's Note: On December 7 & 8, 2022, WCTV aired a story regarding the events leading to the arrest of Da'vhon Young, Jr. in connection with a shooting that occurred at FAMU. In that story, we included a mug shot of Da'vhon Young, Sr. Da'vhon Young, Sr. has not been arrested in connection with the shooting at FAMU.[1]

Young Sr. did not alert WCTV to the error, but instead filed his Complaint, seeking an award of $750,000. His Complaint does not—and indeed, cannot—allege compliance with Florida's pre-suit notice requirement for defamation claims alleged against media defendants. In addition, Plaintiff has improperly sought to

---

[1]    *See* Madison Glaser and WCTV Staff, *FAMU security camera footage used in basketball court shooting investigation*, WCTV (Dec. 7, 2022), https://www.wctv.tv/2022/12/07/famu-security-camera-footage-used-basketball-court-shooting-investigation/, attached as Exhibit 1. This Court may properly consider the News Report and its correction in the context of this Rule 12(b)(6) Motion because it is integral to the Complaint. *See, e.g.*, *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225-26 (11th Cir. 2002) (publication that is basis of plaintiff's complaint may be considered by the court on motion to dismiss); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999) (a document central to the complaint that the defense appends to its motion to dismiss is properly considered on a Rule 12(b)(6) motion provided that its contents are not in dispute). A DVD of the corrections as published on air is attached hereto as Exhibit 2.

amend his Complaint both by filing a screenshot of the online News Report captioned on ECF as an "attachment" to the Complaint, Dkt. No. 17, and his response to this Court's Order to Show Cause.

Young Sr.'s claim also fails on the merits for two key reasons. ***First***, the "gist" of the News Report—that Young Sr. was involved in a "violent crime"—is indisputably true, and Young Sr. will never be able to plead that it is materially false. ***Second***, in the case of a corrected news report, Florida law limits Young Sr. to actual damages, which cannot be cognizably alleged by a libel-proof plaintiff. Accordingly, the Court should dismiss his Complaint with prejudice.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY[2]

On October 28, 2022, Tallahassee news outlets reported that a man named "Da'Vhon Young"—i.e., Young Sr.—was arrested and charged in connection with the murder of a 37-year-old woman (the "Murder").[3] Just one month later, on

---

[2]    The Court may take judicial notice of the content of online news articles for "the *fact* that press coverage . . . contained certain information," *In re Greenlane Holdings, Inc. Secs. Litig.*, 511 F. Supp. 3d 1283, 1307 (S.D. Fla. 2021); *see also Johnson v. City of Atlanta*, 107 F.4th 1292, 1300 (11th Cir. 2024) (taking judicial notice, in a defamation action, of online news articles to resolve a Rule 12(b)(6) challenge).

[3]    Christopher Cann, *U.S. Marshals arrest man on murder charge in connection with roadside body discovery*, TALLAHASSEE DEMOCRAT (Oct. 28, 2022), https://www.tallahassee.com/story/news/2022/10/28/leon-sheriffs-deputies-arrest-man-murder-charge-connection-roadside-body-discovery-tallahassee/10628409002/; *Arrest made in connection to body found on Wiley Road*, WTXL TALLAHASSEE (Oct. 28, 2022), https://www.wtxl.com/news/local-

4

December 1, 2022, news outlets reported that another man named "Da'Vhon

Young"—i.e., Young Jr.—was arrested and criminally charged in connection with

a shooting that occurred at Florida A&M University (the "Shooting").[4]  The

coverage reflects that Young Sr. is a father to Young Jr., and that they share a first,

middle, and last name.[5]

### A.    Coverage of the Murder and Young Sr.'s Admission

The Murder was a matter of significant public interest.  In the week leading

up to Young Sr.'s arrest, the media reported on the discovery of the victim's

remains along a rural county road[6] and the local authorities' pleas for help from the

---

news/arrest-made-in-connection-to-body-found-on-wiley-road; *Man charged with murder after woman's body found along rural Leon County road*, WCTV (Oct. 28, 2022), https://www.wctv.tv/2022/10/28/man-charged-with-murder-after-womans-body-found-along-rural-leon-county-road/.

[4]    *Tallahassee Police Department makes arrest related to shooting at FAMU's outdoor basketball court*, WTXL (Dec. 1, 2022), https://www.wtxl.com/news/local-news/tallahassee-police-department-makes-arrest-related-to-shooting-at-famus-outdoor-basketball-court.

[5]    Christopher Cann, *21-year-old charged in FAMU mass shooting; father arrested in separate murder a month earlier*, TALLAHASSEE DEMOCRAT (Dec. 1, 2022), https://www.tallahassee.com/story/news/2022/12/01/famu-mass-shooting-tallahassee-police-arrest-21-year-old-on-murder-charges/69691681007/.

[6]    *Deputies discover woman's body along rural Leon County road, investigating homicide*, WCTV (Oct. 24, 2022), https://www.wctv.tv/2022/10/24/deputies-discover-womans-body-along-rural-leon-county-road-investigating-homicide/.

public.[7]  In the weeks following Young Sr.'s arrest, there was extensive coverage concerning the details of the crime.  News outlets reported that, according to court records, Young Sr.'s victim was a sex worker whom he brought to a Tallahassee hotel.[8]  Further, the reporting reflects that the victim's body was discovered in a plastic storage container next to a road.[9]  It was also reported that, according to arrest papers, Young Sr. ***admitted*** to choking his victim.[10]

The media also discussed Young Sr.'s criminal history.  WCTV, for example, reported that, according to court records, Young Sr. was a registered sex offender who had been charged with failing to register at least three times.[11]  Further, WCTV reported that, at the time of Young Sr.'s arrest for the Murder, he

---

[7]    Katie Kaplan, *New details released in body found on Wiley Road in Leon County*, WCTV EYEWITNESS NEWS (Oct. 26, 2022), https://www.wctv.tv/2022/10/27/new-details-released-body-found-wiley-road-leon-county/.

[8]    Christopher Cann, *21-year-old charged in FAMU mass shooting; father arrested in separate murder a month earlier*, TALLAHASSEE DEMOCRAT (Dec. 1, 2022), https://www.tallahassee.com/story/news/2022/12/01/famu-mass-shooting-tallahassee-police-arrest-21-year-old-on-murder-charges/69691681007/.

[9]    Julie Montanaro, Murder suspect is registered sex offender, was awaiting trial for another assault, WCTV EYEWITNESS NEWS (Nov. 2, 2022), https://www.wctv.tv/2022/11/02/murder-suspect-is-registered-sex-offender-was-awaiting-trial-another-assault/.

[10]    *Id.*

[11]    *Id.*

was awaiting trial on one of the failure-to-register charges and charges for false

imprisonment and battery.[12]

## B.    Young Sr.'s Criminal History[13]

Young Sr.'s criminal history extends over two decades before his arrest—

and eventual conviction[14]—for the Murder.  At the time of the Murder, Young Sr.

had been adjudicated guilty for at least the following criminal violations, many

relating to violence or sexual offenses:

| Offense/Statute | Case Number | Date of Adjudication |
|---|---|---|
| Battery – Fla. Stat. § 784.03(1)(a)(1) | 2002 MM 005853 A0001 | Dec. 10, 2002 |
| Battery With Intentional Bodily Harm – Fla. Stat. § 784.03(1)(a)(2) | 2002 MM 005853 A0002 | July 14, 2003 |

---

[12]    *Id.*

[13]    Under Federal Rule of Evidence 201, federal courts can take judicial notice of publicly filed documents in state court litigation. *United States ex rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 n.4 (11th Cir. 2015).  Moreover, the court may take judicial notice at any stage of the proceeding.  Fed. R. Evid. 201(d).  Here, the Court can take judicial notice of Young Sr.'s criminal history, as reflected in the records of the Leon County Clerk of the Circuit Court and Comptroller. True and correct copies of those records are attached here as Exhibit 3, and they are also available online by searching Young Sr.'s name on the county's website: https://cvweb.leonclerk.com/public/online_services/search_courts/search_by_name .asp?case_search_type=criminal.

[14]    *See* Verdict Form, *State v. DaVhon S. Young, Sr.*, Case No. 2022 CF 003209 A0001 (Apr. 27, 2023) (attached as Ex. 4).

| Offense/Statute | Case Number | Date of Adjudication |
|---|---|---|
| Possession of Controlled Substance – Fla. Stat. § 893(13)(6)(a) | 2003 CF 002085 A0001 | Nov. 4, 2004 |
| Possession of Cannabis – Fla. Stat. § 893.13(6)(b) | 2003 CF 002085 A0001 | July 14, 2003 |
| Operation of a Vehicle Without A License – Fla. Stat. § 322.03 | 2003 CF 002085 A0001 | July 14, 2003 |
| Sexual Offense Against A Child – Fondling Victim 12 Years of Age Up to 16 Years of Age by an Offender 18 Years of Age – Fla. Stat. § 800.04(5)(c)(2) | 2004 CF 002275 A0001 | Apr. 4, 2019 |
| Sex Offender Violations – Failure to Comply With Registration Law – Fla. Stat. § 943.0435(9)(a) | 2015 CF 002136 A0001 | Aug. 28, 2015 |
| Hit and Run – Failure to Stop, Remain at Crash Involving Injury – Fla. Stat. § 316.027(2)(a) | 2016 CF 001144 A0001 | June 27, 2016 |
| Hit and Run – Leave Scene of Crash Involving Damage to Property – Fla. Stat. § 316.061(1) | 2016 CF 001144 A0002 | June 27, 2016 |
| Hit and Run – Leave Scene of Crash Involving Damage to Property – Fla. Stat. § 316.061(1) | 2016 CF 001144 A0003 | June 27, 2016 |
| Driving With A Suspending or Revoked License – Fla. Stat. § 322.34(10)(a) | 2016 CF 001144 A0004 | June 27, 2016 |
| Sex Offender Violations – Failure to Comply With Registration Law – Fla. Stat. § 943.0435(9)(a) | 2016 CF 001152 A0001 | June 27, 2016 |
| Possession of Cannabis – Fla. Stat. § 893.13(6)(b) | 2019 MM 001091 A0001 | June 7, 2019 |
| Driving With A Suspended or Revoked License – Fla. Stat. § 322.34(10)(b)(1) | 2020 CT 000221 A0001 | Feb. 25, 2020 |

| Offense/Statute | Case Number | Date of Adjudication |
|---|---|---|
| Stalking, Sexually Cyberharassing Another Person – Fla. Stat. § 784.049(3)(a) | 2020 MM 000644 A0001 | June 18, 2021 |

Further, WCTV reported that, at the time of his arrest, Young Sr. was awaiting trial on the following charges:

| Offense/Statute | Case Number | Date of Adjudication |
|---|---|---|
| Sexual Offender Failure to Report Name or Residence Change – Fla. Stat. § 943.0435(4)(a) | 2020 CF 00385 A0001 | June 6, 2024 |
| Kidnap-False Imprisonment – Fla. Stat. § 787.02(1)(a) | 2020 CF 001319 A0001 | June 6, 2024 |
| Kidnap-False Imprisonment – Fla. Stat. § 787.02(1)(b) | 2020 CF 001319 A0002 | June 6, 2024 |
| Felony Battery – Fla. Stat. § 784.03(2) | 2020 CF 001319 A0003 | June 6, 2024 |

## C.    Young Sr.'s Complaint and WCTV's Correction

Young Sr.'s Complaint arises from the News Report published on December 7, 2022 regarding the Shooting.  Compl. ¶ 2; *see also* Exs. 1-2.  Young Sr. claims that, during the News Report, WCTV "posted [his] picture" and "accus[ed] him of being a main suspect in a violent high profile infamous crime" at FAMU.  Compl. ¶ 2.

At the time of the News Report, Young Sr. was detained at the Leon County Detention Facility in connection with the Murder. *Id.* ¶ 3. Although Young Sr. does not even mention the Murder charges, he concedes that, at the time of the News Report, he had already lost the support of all but a "few family members" *Id.* ¶ 7. Further, he describes his "situation" as "problematic," "stress[ful], and depress[ing]." *Id.* ¶ 5. Further, Young Sr. raises a collateral attack on his conviction for the Murder by claiming that the News Report made it impossible for him to receive a fair and impartial trial. *Id.* ¶ 12.

Notably, the Complaint does not allege that he ever requested a retraction or reached out to WCTV about its error. Regardless, on Dec. 20, 2022, WCTV on its own published a correction in each of the News Reports that aired, and also appended a correction to the News Report online. *See* Exs. 1-2.

### D.    Plaintiff's Court-Ordered "Clarification" to his Complaint.

On July 18, 2024, this Court issued an Order to Show Cause requiring Plaintiff to notify the Clerk of Court of his change of address, since "he was convicted and sentenced to imprisonment," and to provide clarification "whether or not his allegation of defamation is based on WCTV's report that Plaintiff was the 'main suspect' of the October 23, 2022 crime." Dkt. No. 10. In Plaintiff's Response to the Order to Show Cause, filed on August 6, 2024, Young Sr. explained that he was "arrested on October 28, 2022 and was being detained inside

of the Leon County Detention Facility at the time the [Shooting] took place," so there "was absolutely no way that Plaintiff could have been a suspect in that crime." Dkt. No. 15.  He alleges "WCTV News Channel failed to properly investigate the story before they aired it."  *Id.*

On August 12, 2024, the Court issued an Order stating "[h]aving received Plaintiff's clarification, ECF No. 15, this case can proceed."  On August 16, 2024, in a document captioned on ECF as an "Exhibit," Young Sr. filed what he describes as a "picture of the plaintiff (circled) that was posted on December 7, 2022, by WCTV News."  Dkt. No. 17.

The Court set an October 21, 2024 deadline for WCTV to respond to Young Sr.'s Complaint.  Dkt. No. 22.  This Motion follows.

## ARGUMENT

To survive a Rule 12(b)(6) challenge, a complaint "must contain sufficient factual matter, . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).  A claim is plausible if the plaintiff's factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable" for the alleged misconduct.  *Id.* at 678.

When assessing a motion to dismiss, the Court "should first eliminate any allegations . . . that are merely legal conclusions." *Alan v. Wells Fargo Bank, N.A.*, 604 F. App'x 863, 865 (11th Cir. Mar. 24, 2015) (internal marks omitted).  Next,

"where there are well-pleaded factual allegations," the Court accepts them as true, *id.*, and "take[s] them in the light most favorable to plaintiff," *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016).  Further, the court "must consider . . . other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Halmos v. Bomardier Aerospace Corp.*, 404 F. App'x 376, 377 (11th Cir. 2010) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).  Finally, the court determines whether the well-pleaded allegations, documents incorporated by reference, and matters subject to judicial notice—taken together—"plausibly give rise to an entitlement to relief." *Alan*, 604 F. App'x at 865; *Halmos*, 404 F. App'x at 377.  Applying these standards, Young Sr. has not and cannot state a claim for defamation.

## I.    PLAINTIFF FAILED TO SATISFY PLEADING REQUIREMENTS

### A.    Young Sr. Did Not and Cannot Satisfy Pre-Suit Requirements.

Without even needing to reach the merits of this lawsuit, this Court can and should dismiss the Complaint for failure to satisfy Florida's pre-suit notice requirement for defamation claims.  Florida Statutes provide that "[b]efore any civil action is brought for publication . . . in a newspaper . . . of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in

writing on the defendant, specifying the article . . . and the statements therein which he or she alleges to be false and defamatory." Fla. Stat. § 770.01. This requirement is "a condition precedent to a defamation suit," whose purpose is "protecting the all-important interest in the free dissemination of news." *Bongino v. Daily Beast Co.*, 477 F. Supp. 3d 1310, 1316 (S.D. Fla. 2020) (internal marks omitted).

Failure to satisfy this condition precedent warrants dismissal. In *Canonico v. Callaway*, for example, plaintiff mailed a Section 770.01 letter to defendant shortly before the statute of limitations expired on his defamation claim, but he filed suit "a day too soon." 26 So. 3d 53, 55 (Fla. 2d DCA 2010). The trial court therefore "dismissed the defamation lawsuit for failure to satisfy the condition precedent," and the appellate court affirmed, explaining that while it was "not unsympathetic to [plaintiff's] predicament," it was bound to apply the law as written. *Id.* at 55-56; *see also Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So. 2d 1376, 1379 (Fla. 4th DCA 1997) (likewise concluding defamation claim should be dismissed for failure to satisfy Section 770.01).

Young Sr.'s Complaint does not allege that he satisfied the pre-suit requirements, and indeed cannot, as he filed this lawsuit instead of contacting WCTV. That pleading failure further justifies dismissal because "[t]he rule in Florida is that compliance with conditions precedent must be at least generally

averred in the pleadings in order to state a cause of action." *Edward L. Nezelek, Inc. v. Sunbeam Television Corp.*, 413 So. 2d 51, 56 (Fla. 3d DCA 1982). The Court should therefore dismiss the Complaint for failure to satisfy Florida's pre-suit notice requirement.

### B.    Young Sr. Cannot Amend his Complaint Through Later Filings.

As this Court recognized when it ordered Plaintiff to "clarify how the report was false before he can proceed with his defamation claim," Dkt. No. 10, the Complaint does not satisfy federal pleading standards.  To state a claim for defamation under Florida law, a plaintiff must allege (1) publication; (2) falsity; (3) negligence; (4) actual damages; and (5) a defamatory statement. *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018).  In addition, a plaintiff must clearly identify "specific allegedly false and defamatory statements," *Hendershott v. Ostuw*, 2020 U.S. Dist. LEXIS 201967, at **10-11 (S.D. Fla. Oct. 13, 2020).

Here, Young Sr.'s Complaint fails to allege facts that would plead and prove fault and damages, and does not even identify a specific defamatory statement. Under Florida law, there is no presumption of damages against a media defendant. *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1119 (S.D. Fla. 2021). ("Florida law . . . eliminates presumed damages for defamation *per se* actions against media defendants.").  So, Young Sr. must plead and prove facts showing fault and proof of damages flowing from an injury to his reputation.  *See Blake v.*

*Ann-Marie Giustibelli, P.A.*, 182 So. 3d 881, 884-85 (Fla. 4th DCA Jan. 4, 2016);

*Edelstein v. WFTV, Inc.*, 798 So. 2d 797, 798 (Fla. 4th DCA 2001); *Markle v.*

*Markle*, 2024 U.S. Dist. LEXIS 42887, at *14 (M.D. Fla. Mar. 12, 2024).  Here,

though, Young Sr. has alleged only in the most general sense that his "stressed and

depressed situation" was made "a lot more stressed and more depressing" by the

News Report.  This is insufficient.  Without additional *factual* allegations that

speak to the purported injury to his reputation and WCTV's fault, Young Sr.

cannot bring his claims across the line from conceivable to plausible. *See Tlusty v.*

*Davis*, 2024 U.S. Dist. LEXIS 161762, at **5-6 (N.D. Fla. Aug. 15, 2024).

In addition, under Florida law, "a plaintiff cannot sustain a claim . . . without

identifying specific allegedly false and defamatory statements." *See Hendershott*,

2020 U.S. Dist. LEXIS 201967, at **10-11.  Here, Young Sr. has not done so.  He

alleges that he was accused of being the "main suspect" in a "violent crime" and

his picture was "posted" during the News Report.  Compl. However, the Complaint

identifies no specific statement, and it is unclear whether his theory of defamation

extends beyond the purported picture.  Indeed, the Order to Show Cause directed

Plaintiff to clarify which news report, and which crime, was the subject of his

Complaint.  Dkt. No. 10.

The documents that Young Sr. has filed since his Complaint do not resolve

his pleading failures.  Young Sr.'s August 2024 Response to the Court's Order to

Show cause clarified, for the first time, his allegations that WCTV "posted his picture and accused him of being a main suspect in an infamous crime" and that "WCTV News Channel failed to properly investigate."  Dkt. No. 15.  Although the Court held Plaintiff's clarification sufficient for the case to "proceed," Young Sr. has not sought leave to amend his complaint.  Further, the document filed on August 16, 2024, titled "Exhibit," is a screenshot of the News Report with his mugshot, rather than his son's, but was not attached to an amended complaint.  *See* Dkt. No. 17.

While these documents clarify Young's claim, they do not resolve his defective pleading. *See* LR 15.1(A) ("A pleading may be amended only by filing a complete copy of the amended pleading. Allegations in a prior pleading that are not set out in the amended pleading are deemed abandoned . . . ."); Fed. R. Civ. P. 7(b)(1) (requiring that a request for a court order "be made by motion."); *see also Norman v. Liberty Mut. Fire Ins. Co.*, 2020 U.S. Dist. LEXIS 195065, at *18 (N.D. Ala. Sept. 29, 2020) ("The Court warns Plaintiff that he may not piecemeal amend his complaint by simply amending sections of his complaint or submitting separate filings.").  Young Sr.'s pleading failures therefore require dismissal of his Complaint.

## II.    PLAINTIFF'S CLAIM FAILS ON THE MERITS

Even if Young Sr. cures the Complaint's pleading defects, the Complaint

16

also fails on the merits, as a matter of law, and so the Court should dismiss it with prejudice.  Here, Young Sr. cannot plausibly allege that the News Report was materially false, as the "gist" of the Complaint's allegation that he was involved in a "high-profile violent crime" is indisputably true, and he cannot plausibly allege damages, as the News Report was corrected, and he is a libel-proof plaintiff.

### A.   The 'Gist' of the News Report Is Substantially True.

The most fundamental requirement for a defamation claim is that a challenged statement must be materially false. *Byrd v. Hustler Magazine, Inc.*, 433 So. 2d 593, 595 (Fla. 4th DCA 1983); *Nat'l Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 283 (1974) (same). In its analysis, the Court is to look at the news report as a whole and assess its overall meaning. A challenged statement is not materially false unless it "affect[s] the gist of the story by creating a different impression in the mind of the viewer" than the pleaded truth. *Readon v. WPLG, LLC*, 317 So. 3d 1229, 1235 (Fla. 3d DCA 2021); *see also Masson v. New Yorker Magazine*, 501 U.S. 496, 517 (1991)).

Here, Young Sr. alleges that the News Report "accus[ed] him of being a main suspect in a violent high profile infamous crime." Compl. ¶ 2. Young Sr. cannot plausibly contend that is untrue—indeed, at the time, he was the main suspect in a "violent high profile infamous crime," the Murder, in October 2022, just a month earlier.  While the crime itself was different, the "gist" that he was

involved in a violent crime, whether the Shooting or the Murder, is the same.  For

this reason, Young Sr. will never be able to plead and prove that the News Report

was materially false as the First Amendment and Florida law require.

> **B.    Young Sr. cannot demonstrate reputational harm and, as a libel-proof plaintiff, has no cognizable damages.**
>
> > **1.    Young Sr. is limited to his actual damages because WCTV issued a timely, full, and fair correction of the News Report.**

Florida's retraction statute affords media defendants the opportunity to avoid

punitive damages for a good-faith, honest mistake. *Ross v. Gore*, 48 So. 2d 412,

413-14 (Fla. 1950) (en banc).  Under the statute, a defamation plaintiff "shall

recover only actual damages" if (1) the article or News Report was "published in

good faith"; (2) the falsity of the article or News Report "was due to an honest

mistake of the facts"; (3) "there were reasonable grounds for believing that the

statements in [the] article or News Report were true"; and (4) "a full and fair

correction, apology, or retraction" was made at the time or place required by

Section 770.02(1), within ten days of notice from the plaintiff. *See id.* (citing Fla.

Stat. §§ 770.01-.02).  Here, WCTV's correction of the News Report meets all four

elements.

On the first three elements, WCTV believed in good faith that it was

publishing a picture of Young Jr. during the News Report.  Young Sr. and Young

Jr. share precisely the same first, middle, and last name.  Further, in the weeks

before and after the News Report, they were each the subject of reporting on separate matters of public interest, namely: Young Sr. was arrested in connection with the Murder on October 28, 2022, and Young Jr. was arrested in connection with the Shooting just weeks later on December 2, 2022. Thus, the Youngs' identical name, and the temporal proximity of the coverage of the Murder and Shooting, provide reasonable grounds for WCTV's honest, good-faith mistake.

The correction meets the three components fourth element, too. To meet this element, the correction must be "full and fair." Fla. Stat. § 770.02(1). If the challenged statement aired during a News Report, the correction must air at a comparable time, *id.*, and "within 10 days after service of [the pre-suit] notice" required by § 770.01, *see Mancini*, 702 So. 2d at 1377 ("[t]he ability to print the correction, apology, or retraction is dependent upon first receiving notice of the alleged defamatory statement as required by Section 770.01.").

Here, the correction was fair: WCTV conveyed that the image it had published during the News Report depicted Young Jr., not Young Sr., and clarified that Young Sr. had not been arrested in connection with the Shooting. Further, the correction aired during the same broadcasts as the News Report. *See* Ex. 2. Finally, the correction is timely because Young Sr. failed to provide any pre-suit notice at all. *See Barco v. Sch. Bd. of Pinellas Cnty.*, 975 So. 2d 1116, 1122-24 (Fla. 2008) (construing the phrase "within 30 days after" in Fla. R. Civ. P. 1.525 to

19

mean "not later than 30 days after" based on the rule's context and purpose);

*Zelinka v. Americare Healthscan, Inc.*, 763 So. 2d 1173, 1174 (Fla. DCA 2000)

("the notice requirement was designed to . . . balance the individual's right to be

free from defamation against the public's 'interest in the free dissemination of

news.'" (quoting *Ross*, 48 So. 2d at 415)).

Accordingly, WCTV's correction meets all four elements of the retraction

statute.  Therefore, Young Sr. is limited to his purported "actual damages."

### 2.    Actual damages require proof of reputational harm.

"Actual damages" is synonymous with "compensatory damages."  *Miami*

*Herald Publ'g Co. v. Brown*, 66 So. 2d 679, 680 (Fla. 1953).  Florida law

recognizes two categories of compensatory damages: general and special. *Grayson*

*v. No Labels, Inc.*, 601 F. Supp. 3d 1251, 1256 (M.D. Fla. 2022).

General damages are "those which the law presumes must naturally . . .

result from the publication of libel or slander," and they are allowed "when the

plaintiff's reputation is impaired, although no actual pecuniary loss is

demonstrated." *Id.*  Young Sr. must plead and prove his damages because WCTV

is a media defendant. *Corsi*, 519 F. Supp. 3d at 1119.  Similarly, "special

damages," are "realized or liquidates loss[es]," *Grayson v*, 601 F. Supp. 3d at

1256-57, and Young Sr. must plead and prove their existence and proximate cause.

20

*Id.*; *see also Anderson v. Smith*, 2020 U.S. Dist. LEXIS 256242, at *3 (M.D. Fla. Mar. 24, 2020).

### 3. Young Sr.'s violent criminal history forecloses his ability to show reputational harm.

Under the "libel-proof plaintiff" doctrine, a plaintiff cannot establish that a statement is defamatory if his "reputation in the community was so tarnished before the publication that no further harm could have occurred." *Davis v. McKenzie*, 2017 U.S. Dist. LEXIS 183519, at *37 (S.D. Fla. Nov. 3, 2017) (citing *Schiavone Constr. Co. v. Time, Inc.*, 847 F.2d 1069, 1079 (3d Cir. 1988)), *R. & R. adopted*, 2018 U.S. Dist. LEXIS 9735 (S.D. Fla. Jan. 18, 2018). The doctrine "logically recognizes that without damage to reputation, there is no actionable defamation." *Id.* at *40-41. And it "has been applied in a number of jurisdictions for more than three decades." *Id.* at *39 n.14 (collecting cases).

The Southern District of Florida applied the libel-proof plaintiff doctrine in *Davis v. McKenzie* because the doctrine is animated by the same principles and goals of Florida defamation law. First, the doctrine advances the Florida Legislature's "policy of sparing individuals and entities the burden and expense of defending against meritless defamation." *Id.* at **43-44. Additionally, "between Florida and those jurisdictions that have adopted the libel-proof doctrine, there exists a near[-]identical focus on reputational injury." *Id.* at *41.

The *Davis* court's analysis applies with equal force here.  The Florida Legislature, through the retraction statute, still aims to protect against unfounded suits.  Further, *Miami Herald Publishing Co.* remains good law, which means that an award of general damages must be supported by evidence of some kind of reputational injury.  *See* 66 So. 2d at 681. Therefore, the Court should apply the doctrine here, too.

A plaintiff is libel-proof if he (1) has "engaged in criminal or antisocial behavior in the past," (2) "his activities were widely reported to the public," and (3) his reputation could not have suffered any more from the publication of the challenged statement. *Davis*, 2017 U.S. Dist. LEXIS 183519, at **44-45 (quoting *Thomas v. Tel. Publ'g Co.*, 929 A.2d 91, 1005 (N.H. 2007)).  Plaintiff meets all three elements here.

First, as discussed above, Young Sr. has a criminal history stretching back over two decades.  He has been adjudicated guilty for over a dozen criminal offenses, including violent offenses like felony battery; sexual offenses, including against a minor child, and sexual cyber-harassment, and failure to register as a sexual offender; and drug offenses like possession of cocaine and cannabis. *See* Ex. 2.

Second, the News Report aired on December 7, 2022, and, at that time, the local media had already reported extensively about Young Sr.'s past criminal

activity.  In the week following Young Sr.'s arrest for the murder (and over a month before the News Report), the media reported that Young Sr. was a sexual offender who had been charged at least three times for failing to register.  Further, it was reported that—at the time of this arrest—Young Sr. was awaiting trial on one of those three charges, false imprisonment, and battery.  Additionally, WCTV had already reported that Young Sr. was "facing a first degree premediated murder charge" in connection with a woman whose "body was found along Wiley Road in Leon County."  *See supra* at 6 n.9.  Young Sr. does not and cannot challenge the accuracy of any of this reporting, and as the Court's Order to Show Cause notes, has since been convicted and sentenced to life imprisonment for the Murder.  Dkt. No. 10.

Third, by his own doing, Young Sr.'s reputation at the time of the News Report was already irreparably tarnished.  He established his own character and reputation in the community as a violent criminal, and he does not dispute the accuracy of the extensive reporting on his involvement and indictment for the Murder.  Therefore, "no further harm could have occurred" from the News Report. *See Davis*, 2017 U.S. Dist. LEXIS 183519, at *37.

Accordingly, the Court should find that Young Sr. is a libel-proof plaintiff, that he could not have suffered additional reputational injury from the News Report, and that—as a result—he cannot establish damages.

23

## III.   CONCLUSION

For the foregoing reasons, the Court should dismiss Young Sr.'s complaint with prejudice.

Dated: October 21, 2024             Respectfully submitted,

BALLARD SPAHR LLP

/s/ *Charles D. Tobin*
Charles D. Tobin (Fla. Bar No. 816345)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200 | Fax: (202) 661-2299
tobinc@ballardspahr.com

Kaitlin M. Gurney (*pro hac vice* forthcoming)
1735 Market St., 51st Fl.
Philadelphia, PA 19103
Tel: (215) 864-8585 | Fax: (215) 864-8999
gurneyk@ballardspahr.com

*Counsel for Gray Local Media, Inc.*
*d/b/a WCTV*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 21, 2024, a true copy of the foregoing was electronically filed utilizing the Court's CM/ECF system, and served by First Class Mail on pro se Plaintiff Da'Vhon Young as follows:

Da'Vhon Young - N12032
Graceville Correctional Facility
5168 Ezell Rd.
Graceville, FL 32440

/s/ Charles D. Tobin
Charles D. Tobin